SOUTHERN FOOD STORES, INC., v. PALM GROCERIES, INC.

184 So. 502.

Opinion Filed November 10, 1938.

Richard H. Hunt, for Appellant;

M. Lewis Hall, for Appellee.

PER CURIAM.—The appeal brings for review a declaratory decree which is self explanatory and is as follows:

"This cause coming on this day to be heard upon plaintiff's sworn bill for construction of agreements, declaratory de-

cree, and other relief, the defendant's answer to the said bill of complaint, and upon an agreed statement of facts of and relating to the issues raised by the pleadings, and the plaintiff having moved for a declaratory and final decree upon the record as submitted, and the Court having heard the argument of counsel representing the respective parties and having examined the pleadings and the exhibits thereto attached, and having examined each of the documentary exhibits attached to said agreed statement of facts, and being otherwise advised in the premises, upon consideration thereof,

"THE COURT DOTH FIND AND ADJUDICATE AS FOLLOWS, TO-WIT:

"1. That Palm Groceries, Inc., a Florida Corporation, the plaintiff in this action, is a duly organized and existing corporation under the laws of the State of Florida; that the lawfully elected, qualified and acting officers of said corporation are as follows: J. B. Graham, President, Robert Morris, Vice-President, C. G. Sneed, Secretary-Treasurer, and that the sole stockholders and directors of said corporation are the individuals hereinabove named.

"2. That the plaintiff corporation is engaged in a retail grocery business, with business locations or stores which it owns and operates situate at 2401 Biscayne Boulevard, City of Miami, Dade County, Florida, and corner of Lake Avenue and 'K' Street, City of Lake Worth, Palm Beach County, Florida; that the said plaintiff in its corporate name is the tenant and lessee of the aforesaid locations or stores, and has been such tenant and lessee since, to-wit, June 29th A. D. 1935, when it procured its lessee's title and tenant rights in and to said stores or locations by and through written assignments of leases duly executed and delivered by the defendant corporation, which corporation, prior to said date,

had been lessee and tenant of each of said locations, all of which is conclusively established by the original leases and ·separate original assignments thereof attached to the bill of complaint as Exhibits 3 and 4, as well as from Exhibits 10 and 11 of the agreed statement of facts and the sworn statements of the parties and their witnesses offered in further support thereof.

"3. That the said plaintiff owns all the fixtures, furniture and equipment situate within said stores, respectively, having acquired the larger portion of same under the terms of a conditional bill of sale between plaintiff and defendant dated June 29th A. D. 1935, and having acquired the smaller but a substantial and valuable portion of same subsequent to the date of said conditional bill of sale by direct purchases made from its own corporate funds.

"4. That plaintiff is in every respect a corporation for profit under the laws of the State of Florida, organized and existing for the sole benefit of its stockholders, and owns, conducts and operates its assets and businesses unconnected with, and free from the control, management, or direction of the defendant; in this respect the Court adjudicates affirmatively upon the following agreed facts found in counsels' stipulation, each of which finds abundant support in the record, viz.:

"(a) That plaintiff owns and maintains its own bank accounts in authorized depositories.

"(b) That plaintiff owns, pays the premium upon, is the beneficiary of, and receives the protection from its several insurance policies covering such contingencies as are usually covered by persons, firms or corporations engaged in a similar business.

"(c) That plaintiff files all proper reports for and disburses from its own funds all payments for each and every

of the divers and sundry taxes and assessments imposed or levied against the plaintiff, its properties and business, either of the Federal, State, County or Municipal Governments in which its stores are located, including Federal and State Capital stock taxes, Federal income tax, Social Security and payroll taxes, license and occupational taxes, gross receipts tax, and all other taxes, fees or assessments imposed by the divers branches of the National, State and City Governments aforesaid.

"(d)   That plaintiff purchases under written contracts between it and the Florida Power & Light Company, all electric power and current used in the operation of its business.

"(e)   That plaintiff pays from and with its own funds all charges, expenses and obligations incurred in the operation of its business, including the wages and salaries of its officers and employees, and all other charges and expenses accruing against it, or either of its retail stores aforesaid.

"(f)   That plaintiff corporation is operated and managed through a duly elected Board of Directors and corporate officers consisting of a President, Vice-President and Secretary-Treasurer, each of whom was duly elected to his respective position by lawful action of said Board of Directors.

"(g)   That the defendant, Southern Food Stores, Inc., has never received from the plaintiff any emoluments, profits, funds, monies, or income, of any nature other than those specifically provided for and agreed to in the contracts and agreements attached to the bill of complaint.

"(h)   That the option agreement of July 20th A. D. 1937 between the parties hereto, which is attached to the bill of complaint as plaintiff's Exhibit 5, does not, when considered and read with the contemporaneous agreement between the parties of the same date, same being in the form of a letter

attached to the agreed statement of facts as Exhibit 13, in any wise, make invalid or inoperative the prior contracts and undertakings between the parties, nor does same in any respect operate to merge the business or assets lawfully belonging to the plaintiff with those of the defenant corporation, nor does same pass or convey, or tend to pass or convey, to the defendant any element of management, supervision, control or ownership of or over the plaintiff's said business or assets, or otherwise affect plaintiff's sole and independent ownership, management and operation of its grocery establishments and business and assets lawfully owned and operated in connection therewith.

"5. That the several assignments, promissory note, transfers, conditional or otherwise, and all agreements existing between plaintiff and defendant, and forming a part of the record of this cause, are in full force and effect and lawfully binding upon each of the parties.

"6. That although defendant has brought about, or has been the cause of divers changes in personnell of the staff operating plaintiff's retail grocery stores, the Court finds that the defendant has suggested, and perhaps in some cases directed, the making of such changes by leave and license of the plaintiff only, and not by or as a result of any legal right or power to impose any such suggestions or directions upon the plaintiff, should the latter refuse to defer and yield to the defendant in such regard. The Court finds that the defendant has exercised no more supervision or control over the plaintiff or its business establishments than any other large creditor of a corporation or business of similar size, character and circumstances would, as a matter of common prudence, recognized in usage and custom, be expected to exercise in like situation, it being found in this premise that the plaintiff still owes the defendant approximately $13,-000.00 in principal upon its fixtures and equipment purchase

of June 29th A. D. 1935, even after entry of a credit upon the present debt of the sum of $3362.92, now in the hands of the defendant for such purpose.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff is entitled to receive a credit upon the sums accruing to defendant under the terms of plaintiff's conditional sales contract, and note of June 29th A. D. 1935, of the sum of $3362.92, which was heretofore paid by the plaintiff to the defendant for such purpose, and accordingly, the Court requires the defendant to accept and credit said sum upon and against plaintiff's indebtedness to defendant as aforesaid, as well as such other and further sums as the plaintiff may from time to time pay over to the defendant upon and to be credited against the unpaid balance due defendant upon said furniture and equipment purchase note and contract.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that at such time as the principal amount of plaintiff's debt to defendant, to-wit, the sum of $16,286.74, with interest at the agreed rate, shall have been paid to the defendant by the plaintiff, or anyone acting on its behalf, said defendant shall forthwith cancel and return to plaintiff its said promissory note and shall deliver to plaintiff a good sufficient acknowledgement in writing of the payment in full of said indebtedness; that as and when the balance due upon said indebtedness shall be delivered or tendered to the defendant, the defendant shall, notwithstanding the option agreement existing between the parties, or any other undertakings or agreements submitted in the pleadings or the agreed statement of facts in this cause, or for any other reason or cause whatsoever, cause a proper satisfaction and cancellation of said indebtedness to be effected in the manner aforesaid, and likewise shall cancel and return to plaintiff the aforesaid option agreement, and thenceforth the plaintiff shall, to all intents

and purposes, own the retail stores, described in the bill of complaint, and all furniture, furnishings and equipment itemized and particularized in the conditional bill of sale, same being plaintiff's Exhibit 2 attached to the bill of complaint, completely discharged and free and clear of any and all claims, rights, demands, or interests of the defendant therein or thereto in anywise or respect whatsoever."

The appellant presents four (4) questions for our determination, which are as follows:

"(a) Is plaintiff a lawfully organized and existing corporation under the laws of Florida engaged in the ownership and management of the retail grocery stores described in the bill of complaint?

"(b) Are the diverse contracts and agreements between plaintiff and defendant effective and binding upon the respective parties?

"(c) Is appellee's ownership or operation of its retail grocery stores subject to the control, supervision or domination of the appellant notwithstanding the contractual status of the parties?

"(d) Is appellee entitled to credit of $3,362.92 upon its fixture purchase indebtedness to appellant?"

The answer to each of these questions is dependent upon the sufficiency of the documentary evidence and stipulation of facts to sustain the findings and decree of the Chancellor. We have considered the documentary evidence and find no error in the construction placed thereon by the Chancellor and we find that such documentary evidence, together with the stipulation of facts, is amply sufficient to sustain the decree hereinbefore set forth and, therefore, the decree is affirmed.

So ordered.

Terrell, C. J., and Whitfield, Brown, Buford and Chapman, J. J., concur.

Thomas, J., not participating.